# KENT COUNTY.

STATE *ex relatione* EDWIN METCALF, Attorney General, *vs.* HALSEY J. BRIGGS.

When by general acquiescence a particular mode of appointing a public officer has been adopted, such acquiescence cannot be assumed unless all the conditions on which it is given are performed or waived.

Hence, when by such acquiescence the lowest bidder for the collection of taxes who named satisfactory sureties in open town meeting was to be the tax collector, —

*Held,* that a lowest bidder who refused to name his sureties was not entitled to the office of tax collector, when on such refusal the collection of taxes was again put up and another bid it in, named his sureties, and was declared elected collector.

QUO WARRANTO. On demurrer to the information.

*Providence, December* 9, 1886. PER CURIAM. This is an information in the nature of a *quo warranto* for the removal of the respondent from the office of collector of taxes in the town of West Greenwich, which office he claims and is exercising. The information sets forth that, prior to 1871, it had been the practice in said town for several years to put up for bids in open town meeting the collection of taxes, and to treat the lowest bidder as chosen collector, upon his compliance with the conditions necessary to qualify him ; that in May, 1871, it was voted by the town in town meeting " that collectors of taxes hereafter furnish satisfactory sureties in open town meeting on the day of their appointment ; " and that since then the practice had been for the lowest bidder to name the sureties whom he intends to give upon his bond, and, upon the acceptance of the same as such, for the moderator without further action to declare the lowest bidder to have been

elected. The information further sets forth that at the town meeting held May 31, 1886, for the election of town officers, the respondent was the lowest bidder, his bid being fifty-six dollars, but that he refused to furnish the names of sureties upon his bond as required by the vote, and that, therefore, the collection was again put up for bids, and Isaac C. Andrews was the lowest bidder, his bid being sixty dollars, and that the sureties then and there named by him were accepted, and that he was thereupon declared by the moderator to have been duly elected collector.

The information is demurred to, and the only question raised under the demurrer is, whether the respondent is entitled to the office by virtue of the action of the town as set forth.

We think he is not. The practice stated in the information can only operate as an election when it is generally acquiesced in. Acquiescence cannot be assumed unless all the conditions upon which it is given be fulfilled, or are waived. One of such conditions, according to the statement, was that the sureties should be named and accepted in open town meeting. This condition was not fulfilled and was not waived, but, on the contrary, the town, upon refusal to comply with it, proceeded to a new election under the practice, and Andrews was declared to be elected, the respondent never having been declared elected. We are, therefore, of the opinion that the demurrer must be overruled.

*Demurrer overruled.*

*Ezra K. Parker*, for relator.
*Samuel W. K. Allen*, for respondent.